# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

JEFFREY SMITH,

                                  CV-10-17-M-DWM-JCL

        Plaintiff,

  vs.

                                  ORDER

GORILLA, INC.; and JOHN DOE
PERSONS, CORPORATIONS AND
ENTITIES 1-10,

        Defendants.

_____

     This products liability and breach of warranty action comes before the Court on Plaintiff Jeffrey Smith's ("Smith") motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). The motion is granted in part and denied in part as set forth in detail below.

## I.    Background

     Smith was injured on August 30, 2009, when he fell from a "Kong II" ladder treestand manufactured by Defendant Gorilla, Inc. ("Gorilla"). Smith

alleges he was using the treestand in its proper and intended manner when it bent in the middle and slammed him to the ground, leaving him with fractured bones in his foot and leg.  Dkt. 3, ¶ 8.

Smith commenced this action in February 2010, asserting claims against Gorilla for strict products liability and breach of warranty.  Dkt. 1, 3.  Smith has moved to compel Gorilla to provide complete responses to several interrogatories and requests for production set forth in his initial set of discovery requests.

## II.     Applicable Law

It is well-established that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party," and that the "information sought need not be admissible at trial" so long as it is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Rule 37 of the Federal Rules of Civil Procedure provides a mechanism by which a party seeking discovery may request an order compelling the opposing party to fulfill its discovery obligations.  Accordingly, where a party fails to answer an interrogatory or respond to a request for production, "the discovering party may move for an order compelling an answer..."  Fed. R. Civ. P. 37(a)(2)(B).

While the Federal Rules thus create a "broad right of discovery," that right

is not unlimited.  *See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995).  The party opposing discovery bears the burden of showing "that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *DIRECT TV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

The court "has wide latitude in controlling discovery," and whether to order the disputed discovery is within the court's discretion.  *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416-17 (9th Cir. 1987).

### III.  Discussion

Smith moves to compel Gorilla to provide more complete responses to four interrogatories and twelve requests for production included in his initial set of discovery requests.  In general, the contested discovery requests ask for information and documentation regarding other accidents or injuries involving Gorilla treestands, including but not limited to the Kong II model Smith was using at the time of his accident.

For example, Smith asks for information and documentation regarding "any instances where customers have returned or attempted to return Gorilla treestands because of dissatisfaction or problems with the product," and copies of any pleadings and expert reports in lawsuits filed by customers claiming they were

-3-

injured while using a Gorilla treestand.  Interrogatory No. 5, Request for Production Nos. 3, 4, & 15.  Smith also seeks any documents Gorilla has that pertain "in any way to failures of Gorilla treestands," documents relating in any way to incidents or accidents involving Gorilla ladder stands other than the Kong Maxx, and information regarding any and all complaints alleging "(1) a defect or failure of a gorilla tree stand and/or (2) injury or damage allegedly caused because of such defect or failure."  Interrogatory No. 8, Request for Production Nos. 9, 10 & 21.  In addition, Smith asks Gorilla to produce any "inter-company documents or materials discussing or pertaining to the issue of Gorilla treestands allegedly malfunctioning or failing."  Request for Production No. 16.

Although Smith was injured while using Gorilla's Kong II model treestand, several of his discovery requests primarily ask for information regarding the Kong Maxx model.  For example, Smith seeks materials relating to a previous recall of Kong Maxx ladder treestands, photos showing failures of the Kong Maxx and other treestands, and any documents relating to accidents involving the Kong Maxx.  Request for Production Nos. 18-20, 24.   Smith also asks for the specifications for the Kong II and Kong Maxx, and the names of the entities that manufactured and provided the steel used in the siderails of the Kong II and Kong Maxx models.  Request for Production No. 23, Interrogatory Nos. 10 & 11.

Gorilla initially objected to the vast majority of these discovery requests on the grounds that they were overly broad, unreasonably burdensome, not reasonably calculated to lead to admissible evidence, and not limited in scope or time or to similar incidents or similar models. Dkt. 29-1. After inspecting Smith's treestand, Gorilla supplemented several of its responses to essentially say that it had no record of any customer returns, complaints, or lawsuits in which a person claimed to have been injured "in a Kong II or other similar treestand in an incident similar to that of the present case," and to emphasize the differences between the Kong II and Kong Maxx treestand models. Dkt. 29-1.

As evidenced by these responses, Gorilla does not dispute that a plaintiff in a strict products liability action such as this one is entitled to discovery regarding substantially similar incidents involving substantially similar product models. Dkt. 33, at 8. According to Gorilla, however, the Kong II treestand Smith was using at the time of his accident is significantly different from the other ladder treestands it manufactures, including the Kong Maxx. Gorilla has submitted an affidavit to this effect, in which Quality and Systems Manager David Vergara details the Kong II's structural configuration, distinguishes it from that of the Kong Maxx, and states that "[t]here are no other stands similar to that of the Kong II model stands." Dkt. 33-2, ¶¶ 5-13.

Gorilla also takes the position that Smith's accident was not substantially similar to any other it has record of because he allegedly altered and misused the treestand.  Gorilla claims that Smith failed to properly assemble his Kong II treestand, repeatedly failed to follow the instructions and warnings, and modified the product by using non-Gorilla replacement straps.  Dkt. 33, at 5-8.  Vergara states that "Gorilla, Inc. has never had another claim or complaint in which a person claims to have fallen after using non-Gorilla, Inc. replacement straps on a ladder stand product," or after attaching "the crossing straps to the stabilizer bar."  Dkt. 33-2, ¶¶ 15-16.  Gorilla similarly confirms in its response brief "that it has never had a claim, complaint, lawsuit or customer contact in which a person ever claimed to have connected the cross straps, or attempted to use the crossing straps in the manner which is claimed by [Smith]." Dkt.33.  Gorilla thus maintains it has fulfilled its discovery obligations and provided Smith with "all information relating to substantially similar products and incidences as required by federal law." Dkt. 33, at 8.

Smith indicates he is willing to limit his discovery requests to ladder stands, as opposed to other types of Gorilla treestands and non-treestand products, but otherwise argues Gorilla should be compelled to provide more complete responses.  Dkt. 29, at 2. The problem according to Smith is that Gorilla should

not be allowed to unilaterally determine what incidents it believes are substantially similar to the incident giving rise to this litigation, and whether its other ladder treestand models are substantially similar to the Kong II.  Smith maintains Gorilla should be required to answer all of his discovery requests in full, so that he can "determine whether there have been other accidents or injuries that might be similar enough to be admissible at trial or might lead to the discovery of admissible evidence." Dkt. 29, at 10.

For support, Smith relies primarily on *Preston v. Montana Eighteenth Judicial District Court, Gallatin County*, 936 P.3d 814, 818 (Mont. 1997).  The plaintiff *Preston* was injured when a pneumatic roofing nailer accidentally discharged a nail into his head.  *Preston*, 936 P.2d at 815.  In his subsequent strict products liability lawsuit against the manufacturer, the plaintiff moved to compel discovery about various product models that used the same allegedly defectively designed mechanism.  *Preston*, 936 P.2d at 819.  The trial court granted the motion, but limited discovery to the product model involved in the accident, and to the time period from the manufacture of that model to the date of the plaintiff's injury.  *Preston*, 936 P.2d at 815-16.   The plaintiff sought and obtained a writ of supervisory control.

On review, the Montana Supreme Court held the plaintiff was entitled to

conduct discovery regarding similar product models with the same alleged design defect. *Preston*, 936 P.2d at 819-20. The Court began by reiterating that there is "a strong public policy in permitting broad discovery concerning defective and dangerous products to promote the public safety." *Preston*, 936 P.2d at 818. As the Court likewise recognized, "[e]vidence concerning similar models is commonly held to be discoverable when the different models contain the same alleged design defect." *Preston*, 936 P.2d at 819. Whether such evidence "is admissible is for the court to decide at trial, not for the [manufacturer] to determine at the discovery stage of proceedings." *Preston*, 936 P.2d at 819. In other words, "the defendant should not be the final arbiter of substantial similarity" for purposes of determining whether a plaintiff is entitled to "discovery of information relating to similar products." *Preston,* 936 P.2d at 819 (*quoting Drabik v. Stanley-Bostitch, Inc.*, 796 F.Supp. 1271 (W.D. Mo. 1992)). Although *Preston* is not binding upon this Court in its interpretation and application of Federal Rule of Civil Procedure 26, the rationale of *Preston* is instructive.

Consistent with the *Preston* court's approach, the Ninth Circuit has held that "[a] 'showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect or notice of the defect.'" *White v. Ford Motor Co.*, 312 F.3d 998, 1009 (9th Cir.

2002).  At the discovery stage, however, "[i]nformation necessary to determine whether products are similar will ordinarily be within the control of the manufacturer and/or designer." *Albee v. Continental Tire North America, Inc.*, 2010 WL 1729092 *7 (E.D. Calif. 2010).  The rules should not "be read as imposing a 'Catch-22' that would require proof of similarity before a party may discover evidence of similarity."  *Albee*, 2010 WL 1729092 * 7.

Here, Gorilla is attempting to do just this, and effectively limit the discovery to which Smith is entitled based on its own opinion as to whether or not the Kong II is substantially similar to the other ladder treestands it manufactures, and whether Smith's accident was substantially similar to any other accidents of which it is aware.  While Gorilla should not be allowed to unilaterally define "substantially similar" so as to limit the discovery to which Smith is entitled, neither should it be required to respond to discovery requests that are overly broad or not reasonably calculated to lead to the discovery of admissible evidence.

As drafted, many of Smith's discovery requests fall into this category, seeking as they do information regarding any treestand product ever manufactured by Gorilla.  In briefing, however, Smith indicates that he is willing to limit his requests "to ladder stands, as opposed to other types of treestands and non-treestand products."  Dkt. 29, at 2.  For discovery purposes, limiting Smith's

requests to other ladder treestands will adequately protect Gorilla from having to provide what might otherwise be characterized as overly broad discovery regarding entirely different treestand products, while at the same time giving Smith the opportunity to pursue his theory of case. Whether any evidence relating to Gorilla's other ladder treestand models will ultimately be admissible is an entirely different question, and one more properly addressed as this litigation progresses.

Many of Smith's discovery requests are overly broad as drafted for the additional reason that they are not limited to similar incidents or accidents. Smith instead asks for information and documentation regarding any and every suit, claim, complaint, customer return, or customer contact relating to any type of alleged defect or failure in Gorilla treestand products. While Smith has not done enough to limit the scope of his requests to ask for information regarding similar incidents or accidents, Gorilla has gone too far in the opposite direction and fashioned an overly restrictive definition of what might constitute similar incidents. In Gorilla's view, a similar incident or accident would only be one in which a person fell after misusing or altering a treestand exactly as it alleges Smith did, by "using non-Gorilla, Inc. replacement straps" and attaching "the crossing straps to the stabilizer bar," among other things. Dkt. 33, at 30-31. Gorilla

represents that it has never had such a claim, complaint, lawsuit or customer contact. Dkt. 33, at 30.

The proper scope of an inquiry into what might constitute a similar incident lies somewhere in between the two approaches advocated by the parties. Smith should be allowed to discover information and documentation regarding other incidents or accidents in which a person claims to have been injured by, or fallen from, a Gorilla ladder treestand. To that extent, Smith's motion to compel is well taken.

Gorilla also objected to many of Smith's discovery requests because they were not limited to a specific time period, and it reiterates those objections in response to Smith's motion to compel. Gorilla argues that because Smith seeks discovery for "products made by Gorilla, Inc., back to its inception," the requests are overly broad and unduly burdensome. Dkt. 33, at 24.

Gorilla has been in business for approximately ten years, beginning in 2001. Dkt. 33, at 8. Apparently, Gorilla manufactured the Kong II ladder treestand for two of those years – from 2006 to 2007 – before discontinuing the model. Dkt. 33, at 9. Because Gorilla maintains that discovery should be limited to the Kong II model, it correspondingly stands to reason that Gorilla believes discovery ought to be limited to that two year period.

But discovery need not be limited to the time period beginning with the manufacture of the model at issue and ending with the plaintiff's injury. *Preston*, 936 P.2d at 820. Rather, a plaintiff may be entitled to "discovery of alternative design evidence predating the manufacture of the" model that caused his injury." *Preston*, 936 P.2d at 820. Evidence after the date of injury may also be "relevant to the unreasonably dangerous design element of [the plaintiff's] case." *Preston*, 936 P.2d at 820. Gorilla has only been in business for a ten year period, and has not shown that providing responsive information as to the ladders treestands it manufactured during that period would be unduly burdensome or that the requests are overly broad in that respect.

Finally, Gorilla argues that Smith's requests "are also improper because they sought information concerning 'any internal discussion,' including that with the legal department, concerning products and claims issues." Dkt. 33, at 18. Gorilla's objection pertains specifically to Request for Production No. 16, which asks for "any inter-company documents or materials discussing or pertaining to the issue of Gorilla tree stands allegedly malfunctioning or failing." Dkt. 29, at 5. Gorilla objected in part on the ground that the request sought "information protected by the attorney client and work product privileges." Dkt. 29, at 5. And in response to Smith's motion to compel, Gorilla argues the request invades the

-12-

privilege of "critical self analysis." Dkt. 33, at 25.

Although Gorilla claims that this discovery request seeks privileged information, it did not produce a privilege log, either in its original answers to discovery, its supplemental answers, or its briefing opposing Smith's motion to compel. A party withholding "information otherwise discoverable by claiming' privilege or work product protection must "describe the nature of the documents, communications, or tangible things not produced or disclosed..." Fed. R. Civ. P. 26(b)(5)(A) "[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Boilerplate privilege objections are all Gorilla has provided in response to Request for Production No. 16. More than two months have passed since Gorilla served its supplemental answers to Smith's discovery requests on August 10, 2010. Dkt. 29-1. Because Gorilla has yet to produce a privilege log or make any effort to identify potentially privileged documents, despite the fact that it has had ample opportunity to do so, its privilege objections are waived.[1]  *See Burlington*

---

[1] Gorilla also suggests, in passing, that Request for Production No. 16 asks for documents protected by the "self-critical analysis" privilege. Gorilla has failed to present any argument that Montana – the privilege law of which applies in this

*Northern*, 408 F.3d at 1149.

### IV.   Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART as set forth in detail above.

DATED this 21st day of October, 2010

   /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

diversity action – would recognize the self-critical analysis privilege. *See Parrick v. Fed Ex Ground Package System, inc.*, 2010 WL 2854314, 5 (D. Mont. 2010). Even assuming the privilege is available, Gorilla has not identified any specific documents to which it claims that privilege would attach. Thus, it has not met its burden of showing the elements of the privilege are met. *Parrick*, at 5.